**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

SERGIO VIERA,

              Petitioner,

    v.

R.S. DUNBAR,

              Respondent.

CIVIL ACTION NO.: 2:21-cv-79

## REPORT AND RECOMMENDATION

Petitioner Sergio Viera ("Viera"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1.  Respondent filed a Motion to Dismiss, and Viera filed a Response.  Docs. 5, 7.  For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Viera's Petition based on his failure to exhaust his administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Viera leave to appeal *in forma pauperis*.

## BACKGROUND

Viera was convicted in the Middle District of Florida of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).  He was sentenced to 73 months in prison and has a projected release date of July 29, 2022, via good conduct time release.  Doc. 5-1 at 6; Doc. 1 at 1.

In his Petition, Viera asserts the Bureau of Prisons ("BOP") has failed to apply earned time credits against his sentence under the First Step Act. Doc. 1 at 6. Viera asks this Court to calculate his earned time credits and adjust his eligible release date. Id. at 7.

Respondent asserts Viera did not exhaust his administrative remedies prior to filing this Petition, as required. Doc. 5 at 2. In addition, Respondent contends Viera's claims are not cognizable in a habeas action and his claims are premature. Id. Further, Respondent states the Court lacks jurisdiction to review Viera's claims and his "high risk of recidivism renders him ineligible for early release." Id.

## DISCUSSION

**I.**     **Whether Viera Exhausted His Administrative Remedies**

    **A.**     **Legal Requirements for Exhaustion**

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475).[1] Failure

---

[1]    The Court notes, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), *report and recommendation adopted*, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits

to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint.  Jones v. Bock, 549 U.S. 199, 216 (2007).  Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.'  And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account."  Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The requirement the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'"  Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)).  Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Woodford v. Ngo, 548 U.S. 81, 93 (2006).[2]

The Supreme Court has noted exhaustion must be "proper."  Id. at 92.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 90–91.  In other words, an institution's requirements

---

without reaching the exhaustion question."  Id. (quoting Santiago-Lugo, 785 F.3d at 475).  Here, the Court has opted to address exhaustion.

[2]    Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits."  Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted)).  Thus, exhaustion requirements are applicable to habeas petitions.

define what is considered exhaustion.  Jones, 549 U.S. at 218.  It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Varner v. Shepard, 11 F.4th 1252, 1264 (11th Cir. 2021) (noting there is no futility exception for the PLRA's exhaustion of administrative remedies requirement), *cert. denied*, 142 S. Ct. 1172 (2022).  The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit.  Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process.  Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B.      Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action.  Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted).  Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court.  Id.  In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Id. at 1376.

In <u>Turner v. Burnside</u>, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" lower courts must employ when examining the issue of exhaustion of administrative remedies.[3]  First, the court is to take the plaintiff's version of the facts regarding exhaustion as true.  <u>Id.</u> at 1082.  If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed.  <u>Id.</u>  However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true.  <u>Id.</u>  Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]"  <u>Id.</u>  "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies."  <u>Id.</u> at 1083.  The Eleventh Circuit has held a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case.  <u>See</u> <u>Bryant</u>, 530 F.3d at 1376–77.

**C.     Analysis of Viera's Efforts at Exhaustion**

Respondent states Viera filed an administrative remedy at the institution level on November 20, 2020, and then tried to appeal the denial with the regional office on January 24, 2021.  However, Viera's appeals was rejected because it was illegible and did not include all attachments on January 27, 2021.  Doc. 5 at 4.  Viera was given 10 days to resubmit this appeal but did not attempt to do so until May 6, 2021, at which time his appeal was rejected as untimely.  <u>Id.</u>  Viera appealed this determination to the BOP's Central Office, which upheld the rejection.

---

[3]     Although <u>Turner</u> involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in <u>Turner</u> would be no less applicable to a § 2241 proceeding.  <u>See</u> <u>McCoy v. Glidewell</u>, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and <u>Turner</u>'s application of exhaustion standards to a § 2241 petition).

Id.  Viera was given the chance to provide an explanation about his late filing so he could resubmit his appeal to the regional office, but he failed to do so.  Id. at 5.  Respondent concludes Viera failed to exhaust his administrative remedies because he did not submit appeals within the proper timelines or comply with other requirements and his Petition should be dismissed as a result.  Id.

In response, Viera asserts his claim presents a narrow dispute of statutory construction, which is exempt from the exhaustion requirements.  Doc. 7 at 1.  Viera also seems to assert exhaustion is futile and, therefore, not necessary.  Id.

The BOP has established an administrative remedy procedure through which an inmate may seek review of a grievance related to any aspect of his imprisonment.  28 C.F.R. § 542.10 *et seq*.  The Administrative Remedy Program applies to all inmates incarcerated in penal institutions operated by the BOP.  § 542.10(b).  Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff.  § 542.13(a).  If this does not resolve the matter, an inmate must submit a formal written administrative remedy request ("BP-9") within 20 calendar days of the incident giving rise to the grievance.  § 542.14(a).  If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response.  § 542.15(a).  If dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response.  Id.  Appeal to the BOP's Office of General Counsel is the final step in the BOP's administrative remedy process.  Id.  Inmates must complete all three steps of the administrative remedies process to have exhausted his administrative remedies.  A remedy or an appeal can be rejected, and the inmate must be given

written notice explaining the rejection.  § 542.17(a), (b).  If the reason for the rejection can be corrected, the inmate is to be given a reasonable extension to correct the reason for the rejection and resubmit his filing.  § 542.17(b).

The evidence before the Court reveals Viera had not properly completed the administrative remedies process regarding the claim raised in his Petition at the time of filing. Kevin Littlejohn, a paralegal specialist with the Southeast Regional Office of the BOP, declares Viera submitted a BP-9 regarding earned time credits.  Doc. 5-1 at 1.  Viera's appeal of the denial of his BP-9 was rejected for not including attachments, including the original BP-9, and being illegible.  Id. at 2.  Viera did not resubmit his appeal within the allotted time, and his attempt to do so on May 6, 2021, was rejected as untimely.  Viera submitted a BP-11, and the Central Office upheld the rejection of his BP-10.  However, Viera was informed he could resubmit his BP-10 if he could explain the untimeliness.  Id.  In support of his declaration, Mr. Littlejohn cites to Viera's administrative remedy information through the SENTRY database.  Id. at 1, 59–65.

Indeed, this information reveals Viera filed Remedy Number 1056502-F1 (BP-9) on November 11, 2020, requesting earned time credit and Number 1056502-R1 (BP-10) on January 24, 2021 (the appeal to the Regional Office).  Id. at 64.  The appeal was rejected for not including attachments, including the original BP-9, and being illegible, but Viera was given additional time to resubmit the appeal.  Id.  Viera did not resubmit his appeal within the allotted time, and his attempt to do on May 6, 2021, was rejected as untimely.  Id.  Viera was given until May 18, 2021, to resubmit his appeal.  Id.  Viera submitted a BP-11, and the Central Office upheld the rejection of his BP-10.  Id. at 65.  However, Viera was informed he could resubmit his

BP-10 if he could explain the untimeliness (or have staff explain it).  Id.  There is no evidence

Viera took this route, and he filed his § 2241 Petition on August 30, 2021.  Doc. 1.

The only evidence before the Court regarding Viera's attempts at exhaustion reveals

Viera has not completed the administrative remedies request process regarding the claim he

raises in his Petition.  Viera executed his Petition on August 24, 2021, and it was filed in this

Court on August 30, 2021.  Id.  Viera was notified in writing of the reasons for the rejections of

his appeals, and he was provided the opportunity to either correct the rejection or explain the

untimeliness of his submissions.  He chose not to pursue these avenues.  Thus, Viera has not

properly pursued the process through to its completion.  Bryant, 530 F.3d at 1378 (noting all

steps in the administrative remedies process must be completed before a party files a cause of

action with a court).  Although Viera claims exhaustion would have been futile, his assertion is

conclusory and unsupported.  Additionally, Viera's perceived futility of administrative remedies

would not excuse the requirement that he exhaust those administrative remedies.  Higginbottom,

223 F.3d at 1261; Varner, 11 F.4th at 1264.

Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS**

**without prejudice** Viera's claim based on his failure to properly exhaust his available

administrative remedies prior to the filing of his § 2241 Petition.[4]  It is unnecessary to address

the remaining grounds of Respondent's Motion.  Holdago v. United States, Civil Action No.:

---

[4]     The Court notes Viera's contention he is not required to exhaust because his claim involves statutory construction and his citation to a Third Circuit Court of Appeals' case in support, Coleman v. U.S. Parole Commission, 644 F. App'x 159 (3d Cir. 2016).  Coleman is a Third Circuit case and would be, at best, persuasive if it were applicable.  However, Viera's claim does not "turn only on statutory construction[,]" such as the parole statute involved in Coleman.  644 F. App'x at 162.  Viera's claim concerns application of the First Step Act to the unique facts of his case.  Moreover, as discussed, Eleventh Circuit caselaw requires exhaustion prior to filing a § 2241 petition.  Of note, Viera sets forth his efforts at exhaustion before filing his Petition, doc. 1 at 2–3, and only argues exhaustion is not required in response to the Motion to Dismiss.

5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), *adopted by* 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Viera leave to appeal *in forma pauperis*.  Though Viera has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Viera's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Viera *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Viera's Petition for failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Viera leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of June, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA